# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CECILE DENISE COLEMAN,     )
    )
             Plaintiff,    )
    )
    v.              )     Case No. 05-4149-JAR
    )
    )
BLUE CROSS BLUE SHIELD   )
OF KANSAS, INC.,     )
    )
            Defendant.   )
    )

## PROTECTIVE ORDER

Plaintiff and defendant agree that it is necessary to have a Protective Order to preserve the confidentiality of documents to be produced by the parties.  The Court finds that certain information, documents, and things to be produced in discovery in this litigation should be kept confidential in order to protect the parties' legitimate business interests and the privacy rights of plaintiff, defendant, its customers, and its employees (past and present).  Further, the Court finds that such information, documents and things are likely to include plaintiff's personnel records, plaintiff's income and other financial information, personnel and earnings information pertaining to other current and former employees, information regarding defendant's customers, the EEOC investigation and/or case, and assorted confidential correspondence. Because the public disclosure of such information, documents and things might cause undue embarrassment and humiliation to the parties and to disinterested third parties, the Court finds

that "good cause" – pursuant to Fed. R. Civ. P. 26(c) – has been established and the following

Order should be entered:

ORDERED, ADJUDGED AND DECREED THAT:

1.      The following definitions shall apply to this order:

a.      "Confidential information" shall mean any personnel, payroll, investigatory, and grievance documents; all medical records and medical-related information, including but not limited to requests for accommodations and documentation submitted in support thereof, grants or denials of such requests for accommodations; and all FMLA records, including medical records submitted in support of such FMLA requests, concerning plaintiff or any other current or former employee; and any financial information or records concerning defendant, customer data, documents, information, or other material relating to industry secrets or other confidential commercial or proprietary information which has been designated as "confidential" by the parties or their attorneys, whether such disclosure be made voluntarily, informally or pursuant to formal discovery procedures. The designation may be stamped on documents produced by the parties or any third-party, made in writing by counsel or on the record such as at a deposition or hearing.

      b.    "Qualified persons" shall mean:

      (1)    the parties to this litigation;

      (2)    counsel of record for the parties to this litigation, including office associates, paralegals, stenographic and clerical employees who have signed the Confidentiality Agreement;

      (3)    experts retained for the purpose of this litigation who have signed the Confidentiality Agreement; and

      (4)    court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to this litigation.

2.    Confidential information shall be and remain confidential and shall not be disclosed or communicated in any fashion nor be used for any purpose other than the analysis for preparation and trial of this action as provided for herein.

3.    The designation of information as confidential may be made at any time; however, until designated as confidential the information may be used and disclosed by the parties to whom they are disclosed without the restrictions imposed by this order.

4.    The parties may designate as confidential any portion of testimony or information to be given by the parties, past or present employees of defendant, fact witnesses, or expert witnesses at any deposition, trial, or other proceeding in this action.  In the event of such designation, arrangements shall be made with the reporter attending such deposition, hearing, or trial to bind the confidential portions of such transcripts separately and label such portion, including confidential exhibits, as "confidential," but failure of the court reporter to take

such action shall not change the confidential nature of such information or affect the obligation of the parties and their parties to treat such information as confidential under this order.

5.      No confidential information shall be disclosed or made available to any person except a qualified person who has read and agrees to the terms of this order and has signed the Confidentiality Agreement.  Said confidential information shall not be used by any qualified person except solely for the purposes of litigation in this action.  The substance or content of confidential information, as well as copies, notes, and memoranda relating thereto, shall not be disclosed to other than a qualified person.

6.      Should any other party disagree with the designation of any material as confidential and warranting protection, they may bring the matter to the court's attention within 30 days of the designation of such material as confidential.  The material shall remain subject to the protections of this protective order until such time as this court and any appeal thereof have ruled that a particular document or other material is not subject to protection.

7.      Aside from a witness or representative of the defendant disclosing such confidential information, no person shall attend any portion of any deposition containing testimony regarding confidential information or documents unless such person is a qualified person under the terms of this order.  Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all testimony containing confidential information is and shall remain confidential and shall not be disclosed except as provided in this order and that copies of any transcription of any such testimony will

-4-

be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to the attorneys of record or filed with the court.

8.      If at the time of trial counsel for any of the parties attempts to introduce into evidence any confidential information, the court will take such steps as it shall deem reasonably necessary to preserve the confidentiality of that information.

9.      All oral presentations to the court concerning or referencing any confidential information shall be held in camera unless the court orders otherwise.

10.      Upon the expiration of 30 days from the final determination of this action, counsel of record for each party receiving confidential information shall, upon written demand, assemble and return to the producing party or its attorneys all such confidential information as well as all copies of such confidential information and all testimony, summaries, notes, extracts, or abstracts containing any such confidential information, including such information in the possession of experts or other qualified persons who received such confidential information from counsel.

11.      Jurisdiction of this action is to be retained by this court after final determination for purposes of enabling any party or persons affected by this order to apply to the court at any time for such direction or further decree as may be appropriate for the interpretation or enforcement of this order or for such additional relief as may become appropriate.

12.      The failure of a party to seek enforcement of this order shall not be a waiver of this order, and any waiver of this order by such defendant as to specific confidential information shall not be a waiver as to any other confidential information.

IT IS SO ORDERED.

Dated this 22nd day of March, 2006, at Topeka, Kansas.

s/K. Gary Sebelius
_____
K. GARY SEBELIUS
UNITED STATES MAGISTRATE JUDGE

SUBMITTED and APPROVED by:

Blue Cross and Blue Shield of Kansas, Inc.
1133 Topeka Blvd.
P. O. Box 239
Topeka, KS 66629
(785) 291-6352

By: s/ Stacy A. Jeffress
      Stacy A. Jeffress, #12460

and

MARTIN, PRINGLE, OLIVER,
WALLACE & BAUER, L.L.P.
100 North Broadway, Suite 500
Wichita, KS  67202
(316) 265-9311

By: s/ Terry L. Mann
      Terry L. Mann, #12840
      Lora M. Jennings, #22044
      *Attorneys for Defendant*

MCCULLOUGH, WAREHEIM
  & LABUNKER, P.A.
1507 S.W. Topeka Boulevard
P. O. Box 1453
Topeka, KS 66601-1453
(785) 233-2323

By: s/ David O. Alegria
      David O. Alegria, #13111
      *Attorneys for Plaintiff*

-6-

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

CECILE DENISE COLEMAN,      )
                                   )
                  Plaintiff,    )
                                   )
      v.                      )     Case No. 05-4149-JAR
                                   )
                                 )
BLUE CROSS BLUE SHIELD     )
OF KANSAS, INC.,             )
                                 )
                Defendant.  )
_____)

## CONFIDENTIALITY AGREEMENT

The undersigned hereby states as follows:

1.     I have received a copy of and have read the Protective Order entered by the Court in the above-captioned case.

2.     I understand that material I am reviewing or otherwise have access to is included within the definition of Confidential Information in that Protective Order.

3.     I agree that I will abide by the terms of the Protective Order entered by the Court, in all respects.

_____
Name

Date: