**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CECILE DENISE COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-4149-JAR |
| ) | |
| ) | |
| BLUE CROSS BLUE SHIELD ) | |
| OF KANSAS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

This matter comes before the court on plaintiff's Motion for Extension of Time to Extend Discovery For the Taking of Depositions of Brad Moser and Rita Sutcliffe (Doc. 40) filed September 8, 2006. Defendant filed its response on (Doc. 48) on September 22, 2006. Plaintiff did not file a reply, and the time to do so has passed.[1]

On September 10. 2006, defendant filed a cross motion (Doc. 42) and, with leave from the court (Doc. 43), filed an amended motion on September 11, 2006, seeking a Protective Order and to Quash Deposition Notice of Moser and Sutcliffe (Doc. 46). Plaintiff filed a timely response on September 22, 2006 (Doc. 48). Defendant has not filed a reply and the time to do so has passed.[2] The issues are, therefore, fully briefed and ripe for decision.

On October 4, 2006 the parties held their final pretrial conference. At that hearing the court

---

[1] *See* D. Kan. R. 6.1(d)(1) ("Replies [for non-dispositive motions] shall be filed and served within 14 days of the service of the response.")

[2] *Id.*

decided to give the parties until October 27, 2006 to take the final two remaining depositions of Brad Moser and Rita Sutcliffe.

The court finds that good cause exists to grant the limited extension of discovery for the purpose of taking these final two depositions. The court will not herein detail the various communications between plaintiff and defendant's counsel. However, the court notes that plaintiff's counsel sought to schedule these depositions with defendant's counsel several times before the September 11, 2006 conclusion of discovery.[3] Plaintiff's counsel could have requested the scheduling of these depositions at an earlier and more convenient date[4], but that does not excuse defense counsel's refusal[5] to accommodate plaintiff's timely, albeit inconvenient, requests. Accordingly,

**IT IS THEREFORE ORDERED** that discovery is extended until October 27, 2006 for the limited purpose of taking the depositions of Brad Moser and Rita Sutcliffe.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Extension of Time to Extend Discovery For the Taking of Depositions of Brad Moser and Rita Sutcliffe (Doc. 40) is hereby

---

[3] *See* Motion for Extension of Time (Doc. 40), p. 1. ("On Aprtil 26, 2006, in response to an email from defendant's counsel about scheduling the deposition of plaintiff, plaintiff's counsel indicated that plaintiff wanted to take the depositions of defendant's witnesses about the same time that plaintiff deposition was taken." ). "On July 13, 2006, plaintiff's counsel emailed defendant's counsel . . . 'We also need to depose defendant's witnesses. Please give us the availability of brad [sic] Moser . . . .'" *Id.* at 3.

Defendant counsel's recitation of these events concede that these requests were made. *See* Defendant's Response to Plaintiff's Motion for Extension of Time (Doc. 48), at p. 6. "Defendant's counsel simply overlooked the question about depositions, in the midst of addressing other aspects in the case, and plaintiff's counsel did not, through the next six weeks, renew his request, remind defendant's counsel that he wanted to take depositions, or provide suggested dates for the depositions." "Counsel informed Mr. Alegria that her schedule for Monday, September 11, 2006 did not accommodate his desire to take the Sutcliffe deposition on that date."  *Id.* at 11.

[4] It appears that the witnesses were not available during the original dates requested by plaintiff. *See* Defendant's Response to Plaintiff's Motion for Extension fo Time (Doc. 48) at p. 8. Further, defendant felt that plaintiff did not properly seek to reschedule these depositions. Defendant's counsel notes that "it is rather presumptuous of plaintiff's counsel to assume that defense counsel and all potential witnesses would just automatically keep their calendars clear for the last week of the discovery period, in anticipation of his desire to schedule discovery at the last possible moment." *Id.* at 11.

[5] *See* Motion for Extension of Time (Doc. 40), p. 3 ("However, defendant's counsel refused to schedule the deposition on September 11, 2006 [of Moser and Scutcliffe] or at any other time.").

granted. Thus, defendant's Amended Motion for Protective Order and to Quash Deposition Notice of Moser and Sutcliffe (Doc. 46) is denied.

**IT IS SO ORDERED.**

Dated this 16th day of October, 2006, at Topeka, Kansas

 s/ K. Gary Sebelius
K. Gary Sebelius
U.S.  Magistrate Judge
