ams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CECILE DENISE COLEMAN,     )
      )
     Plaintiff,     )
      )
vs.     )     Case No. 05-4149-JAR
      )
BLUE CROSS BLUE SHIELD OF KANSAS,     )
      )
     Defendant.     )
      )

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's Motion to Retax Costs (Doc. 100). Under Fed. R. Civ. P. 54(d), costs should be allowed to the "prevailing party" unless a federal statute, rule, or court order provides otherwise. Whether to grant or deny costs is within the discretion of the Court;[1] however, costs are presumptively awarded to the prevailing party.[2] "The denial of costs is in the nature of a severe penalty and there must be some apparent reason to penalize the prevailing party if costs are to be denied."[3] The burden is on the non-prevailing party to overcome the presumption in favor of awarding costs.[4]

Plaintiff urges that the Court should excuse her from paying the costs taxed by the clerk in this matter because of her indigency. The Tenth Circuit has suggested that indigency may

---

[1]*See Treaster v. Healthsouth Corp.*, 505 F. Supp. 2d 898, 901 (D. Kan. 2007).

[2]*Id.*; *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001).

[3]*Treaster*, 505 F. Supp. 2d at 901 (citing *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004)).

[4]*Id.*

provide a valid basis for denying costs, citing authority from the Seventh Circuit.[5]  Under this authority, the Court must first make a threshold finding that the non-prevailing party is incapable of paying costs at this time or in the future.[6]  The non-prevailing party carries the burden of providing the Court with sufficient evidence to support this finding.[7]  "This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses."[8]  If the Court is able to make this threshold finding, it should then proceed to consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised.[9]

Plaintiff has submitted an affidavit to show that she is incapable of paying the costs assessed by the clerk.  She represents that her only income is from social security and that this monthly amount is insufficient to meet her monthly expenses, which she itemizes.  However, this affidavit does not provide any information about her assets—bank accounts or otherwise. Defendant points out in its brief that plaintiff received settlement proceeds at some point from a workers' compensation claim against Blue Cross.  Given these omissions, the Court is unable to make a threshold finding that plaintiff is unable to pay costs in this matter.

Out of an abundance of caution, however, the Court will consider the remaining factors pertaining to plaintiff's indigency claim.  Plaintiff does not contend that the costs assessed by the

---

[5]*Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995) (citing *Burroughs v. Hills*, 741 F.2d 1525, 1542 (7th Cir. 1984)); *see also Treaster*, 505 F. Supp. 2d at 902.

[6]*Treaster*, 505 F. Supp. 2d at 902 (quoting *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006)).

[7]*Id.*

[8]*Id.*

[9]*Id.*

clerk are improper.  Indeed, all of the costs awarded appear to be properly recoverable under 28 U.S.C. § 1920.  Plaintiff argues that her claim was meritorious.  To the contrary, plaintiff's claim was not meritorious; summary judgment was granted in defendant's favor and that decision was affirmed by the Tenth Circuit Court of Appeals.  While the claim was not meritorious, the Court is unable to conclude that it was brought in bad faith.  Still, the losing party's good faith "is alone insufficient to justify the denial of costs to the prevailing party."[10]

Finally, plaintiff suggests that the issues in this case were close or difficult.  "The fact that a case presents close and difficult questions can serve as a valid basis to deny costs.  The court is not required to deny costs simply because a plaintiff is indigent and a case presents close and difficult questions."[11]  The Court agrees with defendant that this case did not present particularly close legal issues; all of plaintiff's claims involved established employment discrimination legal standards.  Further, the factual issues were not particularly complex, especially considering the lack of evidence properly submitted by plaintiff on summary judgment, as discussed both by this Court and the Tenth Circuit.[12]  In sum, none of the factors to be considered in conjunction with plaintiff's indigency counsel in favor of denying defendant's costs in this matter.

In conclusion, in denying plaintiff's motion to retax costs, the Court has considered all of the necessary factors.  While the Court recognizes that plaintiff has suffered economic hardship, it is unable to find that defendant should be penalized in this matter by denying it costs.

---

[10]*Id.* at 906 (citing *Aerotech, Inc. v. Estes*, 110 F.3d 1523, 1527 (10th Cir. 1997)).

[11]*Id.*

[12]*See* Docs. 84, 98.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion to Retax

Costs (Doc. 100) is **denied.**

Dated: November 14, 2008          S/ Julie A. Robinson
                                  JULIE A. ROBINSON
                                  UNITED STATES DISTRICT JUDGE